UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 08-14010-CR-GRAHAM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WILLIAM DAVID BAKER,

    Defendant.
_____/

### ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion *in Limine* to Admit Polygraph Evidence [D.E. 37] (the "Motion"). The matter was scheduled to commence trial on June 4, 2008, at which time the Court ruled *ore tenus* on the Motion. Due to the nature of the issues surrounding the Motion, the Court finds a written order is appropriate.

### BACKGROUND

Through a second Superceding Indictment [D.E. 24], Defendant William David Baker was charged with two counts relating to child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (a)(4)(B). By way of background, on February 23, 2007, a search warrant was executed on Defendant's home. On March 13, 2008, the Defendant was first indicted. On March 25, 2008, the Defendant was arrested and defense counsel filed a notice of appearance [D.E. 3]. On March 26, 2008, the Court issued its Standing Discovery Order [D.E. 7].

The Standing Discovery Order expressly provides, among other things, that within fourteen (14) days from the date of the Order, the defendant shall permit the government to inspect "[a]ny results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which defendant(s) intend(s) to introduce as evidence in chief at trial, or which were prepared by a defense witness who will testify concerning the contents thereof." [D.E. 7 at ¶ B.2] On April 7, 2008, the Government filed its Response to the Standing Discovery Order [D.E. 11] demanding, among other things "a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses qualifications." [D.E. 11 at ¶ N]

On April 9, 2008, the Court issued the Criminal Trial Scheduling Order [D.E. 12] wherein, among other things, the Court directs that Counsel shall "submit to the Court in writing any Motions in Limine regarding trial issues at the **Calendar Call.**" [D.E. 12 at ¶ 6] The Trial Scheduling Order further states that "[d]iscovery 'shall be provided on or before fourteen (14) days from the date of the Standing Discovery Order. Untimely produced discovery by any party is subject to exclusion." [Id. at ¶ 16] On May 2, 2008, the Defendant requested an unopposed continuance

[D.E. 21], which the Court granted at a hearing held on May 7, 2008. On May 8, 2008, the Defendant was charged with a Second Superceding Indictment. On May 16, 2008, the case was specially set and was then scheduled to commence trial on Monday, June 2, 2008. On Wednesday May 21, 2008, the Court held a calendar call in this case, at which time the parties advised of certain then unresolved issues relating to computer evidence. After discussing the matter and the necessary scheduling, upon questioning from the Court, the parties advised that there were no pending matters and that the case could proceed to trial. Consequently, the case was set to commence trial on Wednesday June 4, 2008. Unbeknownst to the Court or the Government, on the same day, the Defendant underwent a polygraph examination.

On Friday, May 23, 2008 - two days <u>after</u> the calendar call- the Defendant filed the instant Motion seeking to admit the results of the polygraph exam. May 23rd was also the Friday before the extended Memorial Day holiday weekend and approximately eleven (11) calendar days from the scheduled trial date. Simultaneously, defense counsel filed a Notice of Unavailability [D.E. 35], indicating that he "will be unavailable for scheduling" during the only remaining week immediately prior to trial.

On May 27, 2008 - the Tuesday following the holiday weekend - the Government filed its Motion to Strike Defendant's Motion in Limine [D.E. 38], arguing that the Motion was untimely. On June 2,

2008, the Government further filed its opposition to the Motion [D.E. 39] based on the Federal Rules of Evidence, including the rules relating to scientific expert opinion. The Defendant has not responded to the issues raised in the Government's opposition.

## DISCUSSION

The Court first reviews the Motion in light of the proceedings in this case and, based thereon, finds that the Motion is untimely. As noted above, Defendant's home was the subject of a search warrant executed on February 23, 2008. On March 13, 2008, the Defendant was first indicted. On March 25, 2008, the Defendant was arrested and his counsel filed a notice of appearance. Immediately thereafter, on March 26, 2008, this Court issued the Standing Discovery Order, which provided express deadlines for the exchange of discovery. On April 7, 2008, the Government demanded a summary of expert testimony that the defense reasonably expected to offer at trial and on April 9, 2008, the Court's scheduling order advised that motions in limine were to be submitted at the calendar call. After a defense continuance granted on May 7, 2008, the calendar call took place on May 21, 2008. Clearly, the Defendant failed to comply with the Standing Discovery Order and the Trial Scheduling Order in this cause. Defendant's failure is even more striking given that the case was continued at the Defendant's request. Having failed to comply with the orders in this case, the Defendant is subject to the Court's admonition that "untimely produced

discovery by any party is subject to exclusion." [D.E. 12 at ¶ 16] Moreover, the Defendant has failed to provide any reason for his delay - much less a valid reason. Therefore, given the nature of the request and the extended proceedings in this case, the Court must deny the Motion as untimely.

The Court must also deny the Motion based on the relevant precedent relating to the admissibility of polygraph evidence. In this Circuit, United States v. Piccinonna, 885 F.2d 1529, 1536 (11th Cir. 1989), provides that polygraph evidence may be admitted to impeach or corroborate the testimony of a witness subject to the following three (3) preliminary conditions:

> **First**, the party planning to use the evidence at trial must provide adequate notice to the opposing party that the expert testimony will be offered. **Second**, polygraph expert testimony will be admissible only if the opposing party was given reasonable opportunity to have its own polygraph expert administer a test covering substantially the same questions. Failure to provide adequate notice or reasonable opportunity for the opposing party to administer its own test is proper grounds for exclusion of the evidence.
>
> **Finally**, whether used to corroborate or impeach, the admissibility of the [polygraph] will be governed by the Federal Rules of Evidence for the admissibility of corroboration or impeachment testimony.

Piccinonna, 885 F.2d at 1536 (emphasis added). In this case, the Defendant argues that his request complies with the requirements of Piccinonna. The record, however, speaks otherwise.

The Defendant gave notice of his intent to use polygraph evidence only days before trial. As the Government notes, the

Defendant could have arranged for a polygraph examination since March 7, 2008 - the date he secured counsel. The Defendant also had ample time to submit to a polygraph examination over the span of approximately three months while the case was pending.[1] Instead, for reasons unknown to the Court, the Defendant waited to undergo a polygraph examination until the same day as the calendar call in the case and only advised the Government of the exam after the fact. Ultimately, the timing of these events is contrary to the first condition under Piccinonna requiring "reasonable notice" to the opposing party.

Similarly, the Defendant has failed to satisfy the second condition under Piccinonna, i.e., providing the opposing party a reasonable opportunity to have its own polygraph expert administer a test covering substantially the same questions. Piccinonna, 885 F.2d at 1536. The Government contends that, on May 22, 2008, upon learning that the Defendant had submitted to a polygraph, the Government requested the examiner's report to, among other things, decide if it should conduct an independent examination. [See D.E. 38 at ¶ 15]. Despite the Government's specific request - even after the late notification, the Defendant failed to provide sufficient or complete discovery with regard to the examination.

---

[1] There is no question that the Defendant was able to obtain an expert when he wanted one. This is evidenced by the defense request for a continuance based, in part, on the Defendant's desire to have a computer forensic expert conduct an investigation. [See D.E. 21]

To date, there is no evidence before the Court that the Defendant ever attempted to comply with the Government's request.

Worsening an already tardy situation, the Defendant filed the Motion on the day before an extended holiday weekend, within days of trial and while defense counsel advised that he was unavailable in the days following the Motion. Under such circumstances, it is hard to find that the Government was given the requisite opportunity to have its own polygraph expert, as is necessary under Piccinonna.

Piccionna also dictates that "[f]ailure to provide adequate notice or reasonable opportunity for the opposing party to administer its own test is proper grounds for exclusion of the evidence." Piccinonna, 885 F.2d at 1536. Therefore, the Court finds the polygraph examination must be excluded for failing to meet the first two conditions necessary for the admissibility of polygraph examinations in this Circuit.

Based on this ruling, the Court need not reach the last condition under Piccinonna, i.e., whether the polygraph examination would be admissible under the Federal Rules of Evidence. Nevertheless, the Court recognizes the precedent in this Circuit and considers the issue of polygraph admissibility under the evidentiary rules uncertain, at best. See, e.g., United States v. Henderson, 409 F.3d 1293, 1303 (11th Cir. 2005) (upholding the trial court's exclusion of polygraph evidence where a magistrate

judge found that such evidence failed to satisfy the standard for scientific evidence set forth in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993)); <u>see also</u> <u>United States v. Scheffer</u>, 523 U.S. 303, 309 (1998) ("[T]here is simply no consensus that polygraph evidence is reliable. To this day the scientific community remains extremely polarized about the reliability of polygraph techniques."). That precise issue, however, is left for another day.

The Defendant's untimely request, in violation of the orders in this case, combined with his failure to satisfy the first two conditions under <u>Piccinonna</u> warrant a denial of the Motion. As the Motion is denied, the Government's motion to strike the examination is moot.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion *in Limine* to Admit Polygraph Evidence [D.E. 37] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that the Government's Motion to Strike Defendant William Baker's Motion in Limine To Admit Polygraph Evidence [D.E. 38] is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of June, 2008.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record